Debt on constable's bond. The breach assigned in the declaration was want of diligence in the collection of a judgment. On 3 March, 1842, the plaintiff put into the hands of the defendant a judgment rendered by a magistrate against Thomas D. Crane. The execution was taken out by the defendant on 16 same month, but he proceeded no further on it until the month of June succeeding, when he levied on the land of the defendant in the execution. At the time the execution issued Crane had personal property abundantly sufficient to discharge it, which was known to the defendant; Crane died on 17 April, and on the day succeeding the sheriff levied on his personal *Page 156 
property to satisfy other executions, and sold it, and applied the money raised to satisfy them. The constable's execution, with the other papers, with the levy made by him, was duly returned to the County Court, and after a lengthened litigation and much delay, the land levied on was sold under a venditioni exponas
and the plaintiff received the amount of his debt from the constable, the defendant, in 1846. At the same time he protested against receiving it in satisfaction of his cause of action (211) in this suit, which was then pending in Orange County Court.
The defendant's counsel moved the court to charge the jury that the evidence, if true, did not show a breach of the defendant's bond, as the plaintiff had got his money. This was refused, and the jury was charged that, if the evidence was true, a breach of the bond, in not using proper diligence on the part of the officer, was shown, which gave the plaintiff a good cause of action against him, and that the receipt of the money afterwards could only have the effect of mitigating the damages to a nominal sum.
Verdict for the plaintiff to that effect, and appeal by the defendant to the Supreme Court.
We concur with the presiding judge in his charge. The instruction required could not be given. The official bond of the defendant was broken, although the money was received by the plaintiff subsequently to the bringing of this action in the manner and under the circumstances set forth in the case. The law requires that all process shall be served by the officer into whose hands it may come, with all convenient speed and in the manner prescribed. By the act of 1794, Rev. St., ch. 62, sec. 16, it is directed that the officer to whom a justice's execution is directed must levy upon the goods and chattels of the defendant, or, for want of them, on his lands and tenements. The primary fund for the payment of debts, by the law, is the personal property of the defendant. Nor can a constable, without a gross violation of his duty, pass that by and levy on the land; the latter is not to be touched by him until he can on his oath say that no goods and chattels of the defendant could be (212) found by him. It is his duty to go to the residence of the debtor and seek for personal property. At the time the defendant took out the execution Crane had personal property, much more than was sufficient to discharge it, and this was *Page 157 
within the knowledge of the officer. Why he did not seize it he does not explain. In consequence of the levy he did make, the plaintiff was thrown into a tedious, prolonged contest in court, and, instead of the speedy remedy provided for him by the law, was compelled to pursue the one which the unreasonable conduct of the officer had rendered necessary. After a litigation of near four years he received his money, which he might have done in ten days after 17 April, if the law had been obeyed. For the delay in the collection of the money the plaintiff was not entitled to any damages — the interest which accrued is considered sufficient for them; but for his additional expenses in prosecuting his suit in court, over and above those which were taxed against the defendant, he would be entitled to compensation. He, however, has proved nothing paid by him, and, therefore, is entitled to nothing for them. The reception of the money by the plaintiff did not defeat his action, for it was received under an express exception by the plaintiff that it should not have such effect, and a tacit assent thereto by the defendant. But the plaintiff is entitled to the damages the law implies in every breach of official duty, which in this case is but nominal.